**KINGSLEY & KINGSLEY, APC**
Eric B. Kinglsey, Esq. SBN-185123
eric@kinglseykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA  91436
(818) 990-8300, Fax (818) 990-2903

[Additional Counsel on Signature Page]
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KINCHELOE, VONNA RUDINE, and SANDRA CHRISTAFFERSON, individually and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>(1) VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. § 2101 *et seq.* |

Plaintiffs Robert Kincheloe, Vonna Rudine, and Sandra Christafferson, individually and on behalf of all others similarly situated, for their Complaint against Defendant American Airlines, Inc. hereby state and allege as follows:

1. Defendant operates a commercial airline, including ongoing operations within this District and Division.  To conduct its business, Defendant employs at least hundreds of flight attendants within the United States and its territories.

2. In or about March 2020, Defendant offered its older flight attendants specified consideration in exchange for their agreements to retire early ("the March 2020 Offer").  Defendant's Chief Executive Officer ("CEO"), Douglas Parker, admitted on an audio / video recording that Defendant's motive for the March 2020 Offer "was to motivate people who really were close to retiring" to retire.

3. When Defendant made the March 2020 Offer, Defendant did not request that the offerees sign releases as part of the agreement for early retirements. Later, after the flight attendants had already agreed to retire early, Defendant requested releases in exchange for flight attendants' prior agreements to retire early. Those later releases were ineffective because the parties had already agreed on the terms of their bargains.

4. Further, the tardy releases failed to contain any valid waiver of rights or claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* because they failed to include notices and disclosures required under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f), to effectuate a valid release of ADEA rights and claims.

5. Defendant later offered a second round of consideration to its remaining flight attendants ("the July 2020 Offer"). The July 2020 Offer encompassed more valuable consideration than the March 2020 Offer, such as a healthcare flexible spending account and flights. CEO Parker admitted on an audio / video recording that the consideration Defendant offered with the July 2020 Offer was more valuable than the consideration Defendant had offered as part of the March 2020 Offer.

6. Thereby, Defendant has unlawfully discriminated against its older flight attendants based on their age by providing them lesser consideration in exchange for their agreements to retire early.

7. Plaintiffs Robert Kincheloe, Vonna Rudine, and Sandra Christafferson bring this suit as a collective action under the ADEA, 29 U.S.C. § 626(b) *et seq.*, on behalf of themselves and all others similarly situated, to recover the difference in value between the consideration provided with the March 2020 Offer and the greater consideration provided in the July 2020 Offer, along with other damages available under the ADEA.

**Jurisdiction and Venue**

8. The ADEA authorizes court actions by private parties to recover damages for violating its prohibitions against age discrimination. Jurisdiction over Plaintiff's ADEA claim is based on 29 U.S.C. §§ 621(b) & (c)(1) which provide for jurisdiction in federal courts and on 28 U.S.C. § 1331 (federal question).

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Defendant operates a commercial airline in this District, Plaintiff Kincheloe resides in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

10. Defendant American Airlines, Inc. is a Delaware corporation which has operated an airline during times relevant, including ongoing operations, within this District and Division.

11. During times relevant, Plaintiff Robert Kincheloe was 68 years old. He was employed by Defendant as a flight attendant based within this District until about April 2020, when his employment ended due to his acceptance of the March 2020 Offer. Plaintiff Kincheloe's Consent to Become a Party Plaintiff under 29 U.S.C. §§ 626(b) and 216(b) is attached hereto as "Exhibit 1."

12. During times relevant, Plaintiff Vonna Rudine was 65 years old. She was employed by Defendant as a flight attendant until on or about April 2020, when her employment ended due to her acceptance of the March 2020 Offer. Plaintiff Rudine's Consent to Become a Party Plaintiff under 29 U.S.C. §§ 626(b) and 216(b) is attached hereto as "Exhibit 2."

13. During times relevant, Plaintiff Sandra Christafferson was 65 years old. She was employed by Defendant as a flight attendant until on or about April 2020, when her employment ended due to her acceptance of the March 2020 Offer. Plaintiff Christafferson's Consent to Become a Party Plaintiff under 29 U.S.C. §§ 626(b) and 216(b) is attached hereto as "Exhibit 3."

**General Allegations**

*Defendant's Business*

14. During the recovery period, Defendant has operated a commercial airline, including ongoing operations within this District and Division.

15. To operate its business, Defendant employs thousands of flight attendants.

16. Defendant's flight attendants have the same primary job duties of providing information, guidance, and assistance for safety and comfort to airline passengers and conducting safety checks.

*The March 2020 Offer*

17. In March 2020, Defendant offered its older flight attendants specified consideration in exchange for their agreements to retire early.

18. Defendant's CEO, Douglas Parker, admitted on an audio / video recording that Defendant's motive in offering that consideration in exchange for early retirements "was to motivate people who really were close to retiring" to retire.

19. Numerous flight attendants including Plaintiffs (hereinafter collectively "the Flight Attendants"), accepted Defendant's March 2020 Offer based on the terms Defendant offered at that time.

20. At the time of those offers, Defendant had failed to request releases of claims as part of the bargain for early retirements. Thus, the Flight Attendants accepted the March 2020 Offer without agreeing to release any claims.

21. Later, Defendant demanded the Flight Attendants execute releases to obtain the consideration Defendant previously offered in exchange for the Flight Attendants' agreements to retire early.

22. The Flight Attendants released no legal rights or claims because Defendant demanded additional consideration for the same actions it was already legally bound to perform.

23. Additionally, the tardy releases required by Defendant failed to encompass valid waivers of rights and claims under the ADEA because those release agreements failed to include notices, disclosures, and terms required under the OWBPA to effectuate a valid release of ADEA claims, including but not necessarily limited to:

    a. Advising the Flight Attendants in writing to consult with an attorney prior to executing the agreement;

    b. Advising the Flight Attendants in writing that they are given a period of at least 21 or 45 days within which to consider the agreement;

    c. Advising the Flight Attendants in writing that for a period of at least 7 days following the execution of such agreement, the Flight Attendants may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired; and,

    d. Providing the Flight Attendants the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job

classification or organizational unit who are not eligible or selected for the program.

24. Because of such failures, the Flight Attendants have released no legal rights or claims under the ADEA.

*The July 2020 Offer*

25. Defendant later offered a second round of consideration to its remaining flight attendants in or about May 2020.

26. The July 2020 Offer included more valuable consideration than the March 2020 Offer, such as healthcare flexible spending accounts and flights.

27. CEO Parker admitted in an audio / video recording that the consideration offered with the July 2020 Offer was greater and more valuable than the consideration offered with the March 2020 Offer.

**Collective Action Allegations**

28. Plaintiffs bring Count I of this Complaint as an "opt-in" collective action on behalf of similarly situated Flight Attendants under 29 U.S.C. §§ 626(b) & (c)(1), and the procedures of 29 U.S.C. § 216(b) incorporated therein.

29. This ADEA claim may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

30. Plaintiffs, individually and on behalf of other similarly situated employees who were at least 40 years old as of March 2020 and who accepted the March 2020 Offer (again, "the Flight Attendants"), seeks relief on a collective basis challenging Defendant's unlawful action based on age. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's business records, and potential plaintiffs may be notified of the pendency of this action via mail and/or electronic communications.

31. Plaintiffs and all of Defendant's Flight Attendants who accepted the March 2020 Offer are similarly situated in that:

   a. They have worked as Flight Attendants for Defendant performing similar job duties;

   b. They were at least 40 years old when they accepted the March 2020 Offer;

c. They did not agree to waive legal rights or claims as part of the original bargain;

d. Defendants required them to release legal rights and claims only after the parties entered into an agreement;

e. The waiver and release agreements later signed by the Flight Attendants failed to validly or lawfully waive rights and claims under the ADEA because the requisite notices, disclosures and terms were missing;

f. Defendant's CEO admitted that Defendant's motive behind the March 2020 Offer "was to motivate people who really were close to retiring" to retire; and,

g. The Flight Attendants who accepted the March 2020 Offer received consideration less valuable than Defendant's flight attendants who accepted the July 2020 Offer.

**COUNT I: Violation of the ADEA**

32. Plaintiffs reassert and re-allege the allegations set forth above.

33. At all relevant times herein, Plaintiffs and all other similarly situated Flight Attendants have been entitled to the rights, protections, and benefits provided under the ADEA, 29 U.S.C. §§ 621 *et seq*.

34. Plaintiffs and all similarly situated persons are "individual[s] at least 40 years of age" within the scope and meaning of the ADEA, 29 U.S.C. § 631(a); are "persons" within the scope and meaning of the ADEA, 29 U.S.C. § 630(a); and are "employees" within the scope and meaning of the ADEA, 29 U.S.C. § 630(f).

35. Defendant is a "person" within the scope and meaning of the ADEA, 29 U.S.C. § 630(a) and an "employer" within the scope and meaning of the ADEA, 29 U.S.C. § 630(b).

36. On or about November 21, 2020, Plaintiff Kincheloe timely filed a charge of discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing.

37. On or about August 24, 2020, Plaintiff Rudine timely filed a charge of discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division. On or about November 11, 2020, Plaintiff Rudine amended that charge.

38. On or about November 5, 2020, Plaintiff Christafferson timely filed a charge of discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. On or about November 12, 2020, Plaintiff Christafferson amended that charge.

39. More than 60 days have lapsed since the filing of Plaintiffs' charges with the EEOC, and thus Plaintiffs may now pursue their claims in Court. 29 U.S.C. § 626(d)(1).

40. In those charges, Plaintiffs expressly notified the EEOC and state agencies of a class of similarly situated employees.

41. Through the above described conduct, Defendant discriminated against the Flight Attendants based on their age by providing them lesser early retirement benefits.

42. Defendant's actions, as aforesaid, constitute an unlawful employment practice under the ADEA, 29 U.S.C. § § 623(a).

43. As a result of the aforementioned unlawful employment practice, Plaintiffs and those similarly situated have lost wages and benefits.

44. Defendant's actions, as aforesaid, were willful, thereby entitling Plaintiffs and those similarly situated to liquidated damages, 29 U.S.C. § 626(b).

**WHEREFORE**, on Count I of this Complaint, Plaintiffs pray this Court to enter its order, judgment and decree awarding them and all those similarly situated:

a) lost wages and benefits with interest that Plaintiffs and those similarly situated would have earned on the lost wages and benefits;

b) an amount equal to double the lost wages and benefits;

c) costs of litigation and a reasonable sum as and for attorney's fees; and,

d) such other equitable and further relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated:   January 21, 2021                    Respectfully submitted,

| | |
|---|---|
| **SILERSTEIN\|WOLF, LLC**<br>Ferne P, Wolf (Missouri Bar # 29326)<br>(*pro hac vice* forthcoming)<br>530 Maryville Center Drive, Suite 460<br>St. Louis, Missouri  63141<br>Telephone:   (314) 744-4010<br>Facsimile:    (314) 744-4026<br>Email:  fw@silversteinwolf.com | **WEINHAUS & POTASHNICK**<br>Mark A. Potashnick (Missouri Bar # 41315)<br>(*pro hac vice* forthcoming)<br>11500 Olive Blvd., Suite 133<br>St. Louis, Missouri  63141<br>Telephone: (314) 997-9150<br>Facsimile:    (314) 997-9170<br>Email:  markp@wp-attorneys.com |

Eric B. Kinglsey, Esq. SBN-185123
     /s *Eric B. Kingsley*
**KINGSLEY & KINGSLEY, APC**
eric@kinglseykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA  91436
(818) 990-8300, Fax (818) 990-2903

**ATTORNEYS FOR PLAINTIFF**