1  MARK W. ROBERTSON (S.B. #200220)
   mrobertson@omm.com
2  O'MELVENY & MYERS LLP
   7 Times Square
3  New York, NY 10036
   Telephone:  (212) 326-2000
4  Facsimile:  (212) 326-2061

5  KELLY WOOD (S.B. #267518)
   kwood@omm.com
6  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
7  Newport Beach, CA 92660
   Telephone:  (949) 823 6900
8  Facsimile:  (949) 823 6994

9
   Attorneys for Defendant
10 American Airlines, Inc.

11

12                    **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14 ROBERT KINCHELOE, VONNA              Case No.: 5:21-cv-00515-BLF
15 RUDINE, SANDRA
   CHRISTAFFERSON, individually and     **DEFENDANT AMERICAN**
16 on behalf of other similarly situated **AIRLINES, INC.'S MOTION TO**
   persons,                             **STAY BRIEFING ON**
17                                      **PLAINTIFFS' MOTION FOR**
18                Plaintiffs,           **CONDITIONAL CERTIFICATION**
                                        **PENDING DETERMINATION ON**
19         v.                           **MOTION TO TRANSFER UNDER**
                                        **28 U.S.C. § 1404(A)**
20 AMERICAN AIRLINES, INC.,

21                Defendant.

**MOTION TO STAY BRIEFING ON MOTION FOR CONDITIONAL CERTIFICATION PENDING DETERMINATION ON MOTION TO TRANSFER VENUE**

Defendant American Airlines, Inc. ("American") respectfully requests that this Court stay the scheduled briefing on Plaintiffs Robert Kincheloe, Vonna Rudine, and Sandra Christafferson's (collectively, "Plaintiffs") motion for conditional certification in this matter, pending this Court's ruling on American's forthcoming motion to transfer venue to the Northern District of Texas.

On January 21, 2021, Plaintiffs filed their Collective Action Complaint (the "Complaint") in this matter, asserting a single cause of action for violation of the Age Discrimination in Employment Act ("ADEA") on behalf of themselves and a group of putative opt-in plaintiffs. On February 19, 2021, Plaintiffs filed their motion for conditional certification of this action. (Dkt. 18.) The hearing on Plaintiffs' motion for conditional certification is currently set for July 22, 2021.

On February 22, 2021, the parties stipulated to continue the deadline for American to respond to the Complaint until March 16, 2021. (Dkt. 19.) The Court approved this stipulation on February 23, 2021. (Dkt. 20). On March 4, 2021, the parties stipulated to continue American's deadline to file an opposition to Plaintiffs' motion for conditional certification until March 23, 2021. (Dkt. 21.) The Court approved this stipulation on March 4, 2021. (Dkt. 22.)

On or before March 16, 2021, American plans to file a motion to transfer venue to the Northern District of Texas under 28 U.S.C. § 1404. American's planned motion to transfer venue is based on a forum selection clause that the parties entered into prior to the filing of Plaintiffs' complaint, and on the convenience of the parties and witnesses in this action. If this Court grants American's motion to transfer venue, Plaintiffs' motion for conditional certification will be decided based on the legal standard applied in the Fifth Circuit, which varies substantially from the standard that is applied in the Ninth Circuit. This warrants a

stay of the briefing on the motion for conditional certification pending this Court's determination of the motion to transfer venue.

District courts in the Ninth Circuit, including this Court, generally follow a two-step certification process for ADEA and FLSA collective actions in which the court first determines whether the case should be conditionally certified, and then, following the close of discovery, the defendant has the opportunity to move for decertification. *See, e.g., Heath v. Google, Inc.*, 215 F. Supp. 3d 844, 848 (N.D. Cal. 2016). At the first stage, the court makes an initial "notice stage" determination of whether potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. *Id.* at 850. For conditional certification at this stage, plaintiffs must show that "'the putative class members were together the victims of a single decision, policy, or plan' and . . . that plaintiffs are 'generally comparable to those they seek to represent.'" *Id.* (quoting *Villa v. United Site Servs. of Cal.*, 2012 WL 5503550, at *13 (N.D. Cal. Nov. 13, 2012).

The Fifth Circuit, however, recently rejected this two-stage certification process in January of 2021, instead adopting a new standard for certification of ADEA and FLSA collective actions. *See Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 439-40, 443 (2021). Under the Fifth Circuit's approach, the court must first determine what legal and factual issues will need to be resolved to determine whether certification of the action is warranted, and then must order preliminary discovery as to these issues. *Id.* at 441. Then, following the completion of this discovery and the parties' briefing of the motion for certification, the Court must "rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." *Id.* at 434.

Given the different standards used by courts in the Ninth Circuit and the Fifth Circuit, the parties' briefing on Plaintiffs' motion for conditional certification will depend substantially on the district in which the motion is to be heard. Thus, to prevent a waste of the parties' and this Court's time and resources, American respectfully requests that briefing of Plaintiffs' motion for conditional certification be stayed pending this Court's decision on American's forthcoming motion to transfer venue. If the Court grants American's motion to transfer venue, the briefing schedule for Plaintiffs' motion for certification will be determined by the court for the Northern District of Texas. If the Court denies American's motion to transfer venue, American respectfully requests that the deadline for its opposition to the motion for conditional certification be set for 14 days following the date of the Court's decision on the motion to transfer venue.[1]

Dated: March 11, 2021

MARK W. ROBERTSON
KELLY WOOD

By: /s/ *Mark W. Robertson*
Mark W. Robertson

Attorneys for Defendant
American Airlines, Inc.

---

[1] American also intends to file a motion to dismiss the Complaint for failure to state a claim on or before March 16, 2021. American has not requested the briefing on the motion to dismiss be stayed given that there is not a significant difference in the standards that would be applicable to American's motion to dismiss in the Ninth Circuit and Fifth Circuit, unlike as is the case of Plaintiffs' motion for conditional certification. Of course, if this Court or the Northern District of Texas were to grant American's motion to dismiss, then Plaintiffs' motion for conditional certification would be moot.

# CERTIFICATE OF SERVICE

I, Mark W. Robertson, hereby certify that on March 11, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ Mark W. Robertson*
Mark W. Robertson