United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KINCHELOE, et al., <br> Plaintiffs, <br> v. <br> AMERICAN AIRLINES, INC., <br> Defendant. | Case No. 21-cv-00515-BLF <br><br> **ORDER DENYING MOTION TO STAY BRIEFING ON MOTION FOR CONDITIONAL CLASS CERTIFICATION** <br><br> [Re: ECF 23] |

Before the Court is Defendant American Airlines's motion to stay briefing on Plaintiff Robert Kincheloe's motion for conditional class certification pending this Court's resolution of its motion to transfer. *See* Mot., ECF 23. Mr. Kincheloe opposes this motion. *See* Opp'n, ECF 34. The Court DENIES the motion.

The Court borrows and adapts the test used in this district to determine whether discovery should be stayed pending resolution of a dispositive motion and applies it to the situation here. *See, e.g.*, *In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020), *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). In applying this test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *In re Google*, 2020 WL 7227159, at *2.

American Airlines argues that the standard for conditional certification in Age Discrimination in Employment Act ("ADEA") and Fair Labor Standards Act ("FLSA") collective actions differs substantially in the Ninth and Fifth Circuits, and therefore the briefing on the motion for conditional certification will depend substantially on the district in which the motion is to be heard. Mot. 3-4. Mr. Kincheloe argues that the case American Airlines cites for this

1  difference in standards, *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021),
2  may not apply to this case, and granting American Airlines's motion to stay would cause
3  unnecessary delay. Opp'n 3-5. Mr. Kincheloe also argues that the forum selection clause
4  underpinning American Airlines's motion to transfer is not valid. Opp'n 1-2. The Court takes a
5  "preliminary peek" at the merits of the underlying motion. *In re* Google, 2020 WL 7227159, at *2.
6  The Court has reviewed the parties' briefing on American Airlines's motion to transfer. *See* Mot.
7  to Transfer, ECF 27; Opp'n to Mot. to Transfer, ECF 32; Reply, ECF 40. The Court finds that Mr.
8  Kincheloe's arguments opposing transfer appear strong and thus a stay of the motion for
9  conditional certification is not warranted. Accordingly, the Court DENIES American Airlines's
10 motion.

**IT IS SO ORDERED.**

Dated: April 13, 2021

_____
BETH LABSON FREEMAN
United States District Judge