UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KINCHELOE, VONNA RUDINE, SANDRA CHRISTAFFERSON, individually on behalf of himself and other similarly situated employees<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 5:21-cv-00515-BLF<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF ADEA COLLECTIVE ACTION**<br><br>[Re: ECF 18] |

Plaintiffs Robert Kincheloe, Vonna Rudine, and Sandra Christafferson (collectively, "Plaintiffs") filed this suit, individually and on behalf of all others similarly situated, against Defendant American Airlines, Inc. for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; *See* Am. Compl., ECF 35. Specifically, Plaintiffs allege that Defendant has offered less valuable consideration to its older flight attendants than to its remaining flight attendants in exchange for the older flight attendants' agreement to retire early. *Id.* ¶¶ 1–2. At this juncture, Plaintiffs move for conditional certification of a collective action on their ADEA claim. Mot., ECF 18. Defendant filed a statement of non-opposition to this motion. *See* Response, ECF 47. The Parties have also stipulated to a notice form. *See* Stipulation, ECF 51; Ex. 1, Proposed Notice, ECF 51-1. The Court has determined that the motion is appropriate for decision without oral argument, *see* Civ. L.R. 7-1(b), and the July 22, 2021 hearing is VACATED. The Court GRANTS Plaintiffs' motion for conditional certification.

## I. BACKGROUND

Defendant operates a commercial airline with ongoing business within this District and Division. Am. Compl. ¶ 14. ECF 35. Defendant employs thousands of flight attendants who perform "same primary job duties of providing information, guidance, and assistance for safety and comfort to airline passengers and conducting safety checks." *Id.* ¶¶ 15–16. In March 2020, Defendant offered a Voluntary Early Out Program ("VEOP") to its older flight attendants as consideration in exchange for their agreement to early retirement "to motivate people who really were close to retiring" to retire. *Id.* ¶ 17–19. The March 2020 offer required flight attendants have at least 10 years of seniority, and only flight attendants older than 40 were eligible due to Defendant's prior hiring freeze and minimum hiring age requirement. *Id.* ¶ 20. Defendant was allegedly aware of the resultant age delineation. *Id.*

Defendant allegedly provided no truly voluntary choice to its older flight attendants on whether to accept the March 2020 offer. *Id.* ¶ 21–23. Defendant allegedly pressured its older flight attendants to accept the March 2020 offer through various means such as denying leave of absence, restricting mask usage on airplanes during the pandemic, and misinforming them that there would be no subsequent early retirement offers. *Id.*

The flight attendants also allegedly did not waive any ADEA rights or claims. *Id.* ¶ 27, 29. Defendant did not request that its older flight attendants sign releases of claims as part of the consideration for early retirement but later requested them to do so after they had already agreed to retire early. *Id.* ¶ 25–26. The releases also allegedly did not include notices, disclosures, or terms required under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). *Id.* ¶ 28.

Defendant offered another VEOP to its remaining flight attendants. *Id.* ¶ 30. The July 2020 offer allegedly included more valuable consideration than the March 2020 offer, such as healthcare flexible spending accounts and flights. *Id.* ¶ 31–32.

Many flight attendants, including Plaintiffs, accepted the March 2020 offer. *Id.* ¶ 11–13, 24. On January 21, 2021, Plaintiffs filed their original complaint asserting that Defendant violated the ADEA, and they sought to recover the difference in value between the March 2020 offer and

2

the July 2020 offer, plus other damages available under the ADEA.  *See* Compl., ECF 1.  On February 19, 2021, Plaintiffs submitted their motion to conditionally certify their ADEA collective action.  Mot.  On March 29, 2021, Plaintiffs filed an amended complaint.  *See* Am. Compl.  On April 30, 2021, Defendant submitted its response and statement of non-opposition to Plaintiffs' motion for conditional certification.  *See* Response.  On May 13, 2021, the Parties stipulated to a collective action notice and consent to join form.  *See* Stipulation; Ex. 1, Proposed Notice.  The Court now turns to Plaintiffs' motion to conditionally certify their ADEA collective action.

## II.     LEGAL STANDARD

### A.     Conditional Certification of Collective Action

The ADEA incorporates the procedures of the Fair labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), such that "amounts owing to a person as a result of a violation of [the ADEA] shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of section 216."  29 U.S.C. § 626(b).  Such actions may be brought "in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

A suit brought on behalf of other employees is known as a "collective action," a type of suit that is "fundamentally different" from class actions.  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (citation omitted).  Unlike class actions certified under Rule 23, potential members of an FLSA collective action must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment.  29 U.S.C. §216(b); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).  Employees who do not opt-in may bring a subsequent private action.  *Leuthold*, 224 F.R.D. at 466 (citing *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)).  Once an FLSA "action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (discussing collective action in context of Age Discrimination in Employment Act).

The determination of whether a collective action is appropriate is within the Court's discretion. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). The named plaintiff bears the burden to show that he or she and the proposed class members are "similarly situated." *See id.* (citing 29 U.S.C. § 216(b)). The FLSA does not define "similarly situated." District courts in this Circuit generally apply a two-step inquiry in an FLSA action. *See, e.g.*, *Leuthold,* 224 F.R.D. at 466–67; *Adams*, 242 F.R.D. at 536. The two-step approach distinguishes between conditional certification of the action and final certification. Under the first step, the court makes an initial "notice-stage" determination of whether potential opt-in plaintiffs are similarly situated to the representative plaintiff, determining whether a collective action should be certified for the sole purpose of sending notice of the action to potential class members. *Leuthold*, 224 F.R.D. at 466-67; *Adams*, 242 F.R.D. at 536. The sole consequence of conditional certification is the "sending of court-approved written notice," to the purported members of the class. *Genesis*, 133 S. Ct. at 1530. Those individuals become parties to a collective action only by filing written consent with the court.

For conditional certification at this notice-stage, courts require little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan" and a showing that plaintiffs are "generally comparable to those they seek to represent." *Villa v. United Site Servs. of Cal.*, No. 12-00318-LHK, 2012 WL 5503550, at *13 (N.D. Cal. Nov. 13, 2012) (citation omitted); *Stanfield v. First NLC Fin. Serv., LLC*, No. 06-3892-SBA, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006); *see also Morton v. Valley Farm Transp., Inc.*, No. 06-2933-SI, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable basis for their claim of class-wide" conduct (internal quotation marks and citation omitted)). Thus, a named plaintiff must show that he or she is similarly situated to the absent members of the collective action and present "some identifiable factual or legal nexus [that] binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Russell v. Wells Fargo & Co.*, No. 07-3993-CW, 2008 WL 4104212, at *3 (N.D. Cal. Sept. 3,

2008); *Sanchez v. Sephora USA, Inc.*, No. 11-3396-SBA, 2012 WL 2945753, at *2 (N.D. Cal. July 18, 2012) ("Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members." (citations and quotation marks omitted)).[1]

The standard for conditional certification is a lenient one that typically results in certification. *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627-28 (E.D. Cal. 2009) (citing *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)). As a practical matter, "[a]t this stage of the analysis, courts usually rely only on the pleadings and any affidavits that have been submitted." *Leuthold*, 224 F.R.D. at 468. The plaintiff need not conclusively establish that collective resolution is proper, because a defendant will be free to revisit this issue at the close of discovery. *Kress*, 263 F.R.D. at 630. However, "[u]nsupported allegations of FLSA violations are not sufficient to meet the plaintiffs' burden." *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) (citation omitted).

Courts have emphasized that a lenient standard is used at the notice-stage step because a court does not have much evidence at that point in the proceedings—just the pleadings and any declarations submitted. In contrast, at the second step, a stricter standard is applied because there is much more information available, "which makes a factual determination possible." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1123 (E.D. Cal. 2009); *see also Labrie v. UPS Supply Chain Sols., Inc.*, No. 08-3182-PJH, 2009 WL 723599, at *4 (N.D. Cal. Mar. 18, 2009) (noting that the first step "is characterized by a fairly lenient standard, necessitated by the fact that not all discovery will have been completed at the time of the motion," while, at the second step, "the court engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried").

In considering whether the lenient notice-stage standard has been met in a given case,

---

[1] The "similarly situated" requirement is "considerably less stringent than the requirement of Fed. R. Civ. Proc. 23(b)(3) that common questions predominate." *Church v. Consol. Freightways, Inc.*, 137 F.R.D. 294, 305 (N.D. Cal. 1991) (citation omitted); *Villa*, 2012 WL 5503550 at * 14 ("[A] collective action does not require a showing that common claims predominate.").

courts bear in mind the following:

(1) A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing that class members exist who are similarly situated to him. A handful of declarations may suffice. *See, e.g.*, *Gilbert v. Citigroup, Inc.*, No. 08-0385-SC, 2009 WL 424320, at *2 (N.D. Cal. Feb. 18, 2009) (finding standard met based on declarations from plaintiff and four other individuals); *Escobar v. Whiteside Constr. Corp.*, No. 08-01120-WHA, 2008 WL 3915715, at *3-4 (N.D. Cal. Aug 21, 2008) (finding standard met based on declarations from three plaintiffs); *Leuthold,* 224 F.R.D. at 468-69 (finding standard met based on affidavits from three proposed lead plaintiffs).

(2) The "fact that a defendant submits competing declarations will not as a general rule preclude conditional certification." *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010) (citation omitted). As Judge Alsup of this District has noted, competing declarations simply create a "he–said–she–said situation"; while "[i]t may be true that the [defendant's] evidence will later negate [Plaintiffs'] claims, that should not bar conditional certification at the first stage." *Escobar*, 2008 WL 3915715, at *4.

At the second step of the two-step inquiry, "the party opposing the certification may move to decertify the class once discovery is complete." *Adams*, 242 F.R.D. at 536 (citation omitted); *Escobar*, 2008 WL 3915715, at *3 ("Certification is called 'conditional' during the first stage because the opposing party could always (successfully) move for decertification."). "[T]he Court then determines the propriety and scope of the collective action using a stricter standard." *Stanfield*, 2006 WL 3190527, at *2. At that point, "the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." *Leuthold*, 224 F.R.D. at 467. It is at the second stage that the Court makes a factual determination about whether the plaintiffs are actually similarly situated by weighing various factors, such as: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.* Even at this second stage, the standard courts apply is different, and easier to satisfy, than the requirements for a class action certified under Federal Rule of Civil Procedure 23(b)(3). *Lewis v. Wells Fargo & Co.*, 669

1 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009).

### III. DISCUSSION

Plaintiffs seek conditional certification of a collective action based on Defendant's purported age discrimination in violation of the ADEA. *See* Mot. The class that Plaintiffs propose for the collective action consists of "all current and former flight attendants who accepted Defendant's voluntary early retirement program ("VEOP") offer first extended in March 2020." Notice 2, ECF 18. Plaintiffs request that the Court issue an order (1) conditionally certifying the case as a collective action, (2) requiring Defendant to produce a computer-readable data file containing the names, last known addresses, last known email addresses, and dates of service of potential collective action members within 14 days, (3) approving the mailing and emailing of the proposed notice and consent to join form to potential collective action members. Mot. 1–2, 12. Plaintiffs introduce the declaration of Vonna Rudine, a named plaintiff and former flight attendant, along with documents Defendant sent her and other flight attendants regarding the March VEOP. *See* Decl. of Vonna Rudine, ECF 18-1. Defendant filed a statement of non-opposition to Plaintiffs' motion, declaration, and evidence. *See* Response. At this initial stage, Plaintiffs' evidence is sufficient to support their allegations that they are similarly situated with respect to their ADEA claim. Accordingly, conditional certification is granted for purposes of notifying potential collective action members.

The stipulated Proposed Notice form submitted by the parties, ECF 51-1, is generally approved. The Court notes a possible discrepancy between the Proposed Notice and the amended complaint. The Proposed Notice refers to a "May 2020" offer, but the amended complaint refers to a "March 2020" offer. Am. Compl. ¶¶ 22-25. Counsel shall review this issue and make necessary corrections, if any.

### IV. CONCLUSION

IT IS HEREBY ORDERED THAT

(1) Plaintiffs' motion to conditionally certify their ADEA collective action for age

discrimination against older flight attendants is GRANTED.

(2) The conditionally certified collective action shall comprise "all current and former flight attendants who accepted Defendant's voluntary early retirement program ("VEOP") offer first extended in March 2020."

(3) Defendant shall produce to Plaintiffs a computer-readable data file containing the names, last known addresses, last known email addresses, and dates of service of potential collective action members within 14 days of the date of this order.

(4) The Proposed Notice is approved, and counsel is asked to review for a possible discrepancy as noted above.

(5) Plaintiffs shall mail and email copies of the Proposed Notice of conditional certification of collective action and consent to join form to potential collective action members.

**IT IS SO ORDERED.**

Dated: June 7, 2021

_____
BETH LABSON FREEMAN
United States District Judge