# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KINCHELOE, et al., <br> Plaintiffs, <br> v. <br> AMERICAN AIRLINES, INC., <br> Defendant. | Case No.  21-cv-00515-BLF <br><br> **ORDER GRANTING MOTION TO STAY DISCOVERY** <br><br> [Re:  ECF No. 113] |

Before the Court is Defendant American Airlines, Inc.'s motion to stay discovery, ECF No. 113 ("Motion"), which Plaintiffs oppose, ECF No. 126 ("Opp."). The Court deems the motion suitable for disposition without oral argument and VACATES the hearing on the motion. Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motion and STAYS discovery pending disposition of American's pending motion to dismiss the Second Amended Complaint.

**I.    LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Under Ninth Circuit law, "[a] party seeking a stay

of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602. Although not one of the two factors, courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential "waste of resources." *Fields v. Roberts*, 2013 WL 5239934, at *1 (E.D. Cal. Sept. 16, 2013).

## II. DISCUSSION

### A. Potentially Dispositive of the Case

American's motion must first be "potentially dispositive of the whole case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 551. American argues that their pending motion to dismiss is potentially dispositive because it is moving to dismiss the Second Amended Complaint's single ADEA claim. Motion at 4. American contends that the Second Amended Complaint does not change the Court's conclusion from the first motion to dismiss that Plaintiffs have not plausibly alleged constructive discharge. *Id.* Plaintiffs respond that they have addressed the Court's concerns by alleging facts supporting their

claim for constructive discharge. Opp. at 7-8 (citing Second Amended Complaint ¶¶ 14-22, 44(k), 62(d)).

American's pending motion to dismiss presents robust arguments as to why the single claim asserted against it may be dismissed. The Court has taken a "preliminary peek" at the paragraphs Plaintiffs cite as new allegations supporting their theory of constructive discharge. *Tradebay*, 278 F.R.D. at 602. The Court has concerns that these allegations—denial of leaves of absences and reduced work schedules, discouraging flight attendants from wearing masks, making them fly when 95% of air travelers in the United States were unwilling to do so, and COVID-19's disproportionate impact on older people—closely mirror those asserted in the First Amended Complaint and thus suffer from the same defects the Court previously identified. *See* ECF No. 98 at 17-18 (finding that discouraging wearing of masks, denying leaves of absence and reduced work schedules, and misinforming flight attendants that there would be no subsequent early retirement offers did not plausibly state a claim for constructive discharge because these facts "would not make a reasonable person feel compelled to resign").

The Court emphasizes that this is only a "preliminary peek" at the merits. Plaintiffs have asserted some new allegations—such as those regarding American's response to CDC recommendations about wearing facemasks, *see* Second Amended Complaint ¶ 18—that could conceivably push them over the edge to a plausible claim. Plaintiffs also cite in their opposition to the motion to dismiss some cases finding that individual plaintiffs plausibly alleged claims for constructive discharge under California law when the detention facility at which they all worked failed to adequately protect against COVID-19 in the facility. *See* ECF No. 121 at 11. American vigorously disputes the relevance of those cases to this federal ADEA collective action. See ECF No. 125 at 8-11. But the Court is not presently undertaking a full evaluation of the motion to dismiss—it will do so at the hearing on that motion, which is scheduled for March 31, 2022. After a "preliminary peek," American has carried its burden to make a "strong showing" that its motion to dismiss would be "potentially dispositive" of the case.

### B.     Necessity of Discovery

The Court next considers if the motion to dismiss can be decided without discovery. *Pac.*

*Lumber Co.*, 220 F.R.D. at 551. American argues that additional discovery is not required to adjudicate its motion to dismiss because the motion argues that Plaintiffs' allegations do not plausibly establish an ADEA claim. Motion at 5. Plaintiffs do not respond to this argument. The Court agrees that no additional discovery is necessary to decide the motion to dismiss on plausibility grounds, and thus finds that this prong is met.

### C.   Other Considerations

American also says that a stay of discovery will promote efficiency. Motion at 5-6 (citing cases, including *Fields*, 2013 WL 5239934). American says that Plaintiffs' discovery requests are "extremely broad," and that even as narrowed by meet-and-confer, it will incur significant costs and attorney hours reviewing potentially responsive documents that would be wasted if the Court dismisses the case. *Id.* Plaintiffs respond that the parties "have resolved or are in the process of working out many of the discovery disputes" and so American "should no longer be heard to complain about overly broad or burdensome requests." Opp. at 10. Plaintiffs also accuse American of delaying discovery and engaging in "self-help efforts" of withholding documents to cause "months-long" delays. *Id.*

The Court concurs with American that, given the showing it made for the two-part inquiry above, a temporary stay of discovery while the Court considers American's motion to dismiss would conserve the parties' resources. The Court agrees that review of nearly 50,000 search hits and families—which American contends would take over 1,000 attorney hours to review—is a substantial undertaking. As for the timing of American's request for a stay, if the parties are resolving many of their discovery disputes—as Plaintiffs say—then Plaintiffs cannot complain about the timing of American's request for a stay of discovery. American cannot be faulted for not seeking a discovery stay while productive meet-and-confer was occurring. Additionally, American sought a stay of discovery just twelve days after Plaintiffs filed their Second Amended Complaint and two days *before* American filed its motion to dismiss. *Compare* ECF Nos. 112 (Second Amended Complaint, filed October 14, 2021), *with* Motion (filed October 26, 2021), *and* ECF No. 114 (motion to dismiss, filed October 28, 2021). It would be unreasonable for Plaintiffs to expect American to seek a discovery stay before seeing Plaintiffs'

amended pleading or prior to substantially drafting its motion dismiss.

Because American moved quickly in requesting a discovery stay and faces a significant volume of discovery review, the Court finds that efficiency and conservation of the parties' resources also favors a discovery stay.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that American's motion to stay discovery is GRANTED. Discovery is STAYED pending resolution of American's motion to dismiss.

Dated: December 9, 2021

_____
BETH LABSON FREEMAN
United States District Judge