**FILED**

**NOT FOR PUBLICATION**

MAY 8 2023

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT KINCHELOE; VONNA RUDINE; SANDRA CHRISTAFFERSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant-Appellee. | No.   22-15726 <br><br> D.C. No. 5:21-cv-00515-BLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted April 21, 2023
San Francisco, California

Before:  SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Appellants are three former flight attendants who appeal the district court's dismissal of their Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("ADEA") claim. They challenge American Airlines' March 2020 Voluntary Early Out Program ("VEOP").

The ADEA contains a safe harbor for bona fide early retirement programs. *See* 29 U.S.C. § 623(f)(2)(B)(ii). An early retirement program is not an adverse employment action unless the employee can establish it amounts to a constructive discharge, i.e., that conditions were so intolerable that a reasonable person would have felt compelled to resign. *See Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004); *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007).

Appellants have alleged that they were constructively discharged in March 2020 when American Airlines discouraged them from wearing face masks and denied leaves of absence and reduced work schedules until enough flight attendants accepted the VEOP. The VEOP was a response to the extraordinary drop in demand for air travel caused by the COVID-19 pandemic. The employment conditions imposed were consistent with federal policy guidelines at that time. To constitute constructive discharge, there must be intolerable working conditions that are "a result of discrimination." *Poland*, 494 F.3d at 1184 (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000)). Even assuming the federal policy guidelines were unreasonable, the situation was not attributable to any conduct by American Airlines.

The district court correctly ruled that Appellants had not made out a violation of the ADEA.

**AFFIRMED.**